

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
phone: (212) 356-3541
fax: (212) 356-3509
email: gmartine@law.nyc.gov

December 12, 2019

<u>**VIA ECF**</u>
Honorable Judge Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**MEMO ENDORSED**

Re: <u>Ahai Amaris Nami Bey v. John Doe NYPD Officers, et al.</u>
19-CV-2248 (PAE) (OTW)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. As the undersigned does not presently represent the individually named defendants, and the City of New York is not a party, the undersigned appears on behalf of Interested Party, the Office of the Corporation Counsel of the City of New York. In that capacity, the undersigned respectfully writes (1) to inform the Court plaintiff has not filed an Amended Complaint pursuant to Your Honor's November 4, 2019 Order, and (2) with the hope that the Court *sua sponte* dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**A. Procedural Background**

      By way of background, on June 25, 2019, the Honorable Judge Paul A. Engelmayer ordered that plaintiff file an Amended Complaint within 30 days of receiving this Office's response to the <u>Valentin</u> Order, identifying the names and addresses of the John Doe officers. (DE 8) On September 23, 2019, this Office fulfilled its obligation pursuant to the Court's <u>Valentin</u> Order by identifying the three officers who initially approached plaintiff on June 19, 2018, and the five officers who responded as backup at the June 19, 2018 incident. (DE 11, 15) Having failed to file an Amended Complaint within the 30 days of receiving this information, Your Honor ordered plaintiff to file an Amended Complaint by December 4, 2019. (DE 16) To date, plaintiff has not filed an Amended Complaint naming the defendants and/or amending the allegations.

## B. The Complaint should be dismissed for Failure to Prosecute

Under Rule 41(b), "[if] the plaintiff fails to prosecute or to comply…with a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Failure to comply with a court order, standing alone, justifies dismissal, just as a plaintiff's failure to prosecute is singularly sufficient to warrant dismissal. <u>Chira v. Lockheed Aircraft Corp.</u>, 634 F.2d 664, 667 (2d Cir. 1980). Moreover, as there are currently no served defendants in this case and, "where defendants have not specifically moved for dismissal under 41(b)…a court may nonetheless order dismissal *sua sponte*." <u>Williams v. Strong</u>, No. 05-CV-366S, 2007 U.S. Dist. LEXIS 67136, 2007 WL 2693640, at *2 (W.D.N.Y. Sept. 11, 2007); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1982) ("The authority of a court to dismiss *sua sponte* [pursuant to Rule 41(b)] has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The Second Circuit has held that dismissal under Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." <u>Lyell Theatre Corp.</u>, 682 F.2d 37, 42 (2d. Cir 1982). Courts analyze dismissals, pursuant to Rule 41(b), upon the balancing of five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to prosecute his case would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996). Here, a balancing of the <u>Lucas</u> factors favor dismissal.

With respect to the first and second factors, plaintiff was ordered to amend her Complaint by Judge Engelmayer's initial June 25, 2019 Order and again by Your Honor's November 4, 2019 Order. It has now been over two months since plaintiff received the information pursuant to the Court's <u>Valentin</u> Order and she has failed to file an Amended Complaint and/or amend her allegations. In Your Honor's November 4, 2019 Order, plaintiff was on notice that if she failed to file an Amended Complaint by December 4, 2019, Your Honor "may recommend that this action be dismissed with prejudice for failure to prosecute." (DE 16) Accordingly, the first and second <u>Lucas</u> factors weigh in favor of dismissal.

As to the fourth and fifth factors, plaintiff has failed to properly comply with the Court's November 4, 2019 Order. The Court explicitly warned plaintiff that dismissal for failure to prosecute may be a consequence if plaintiff fails to file an Amended Complaint by December 4, 2019. <u>See</u> DE 16. Accordingly, any sanction of a lesser severity would be entirely ineffective and would be a waste of judicial resources. Thus, the fourth and fifth <u>Lucas</u> factors weigh in favor of dismissal.

## C. Conclusion

For the foregoing reasons, this Office writes with the hope that the Court will *sua sponte* dismiss this action, with prejudice, pursuant to Rule 41(b).

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Giancarlo Martinez*

Giancarlo Martinez
Assistant Corporation Counsel
Special Federal Litigation
100 Church Street
New York, New York 10007
(212) 356-3541

**BY FIRST CLASS MAIL**
cc:     Ahai Amaris Nami Bey
        *Plaintiff Pro Se*
        725 Horsepond Road
        Dover, DE 11901

Although Plaintiff has failed to timely file an amended complaint, it is unclear from the docket whether Plaintiff received the previous Court order, as it appears that Plaintiff has a new address. Accordingly, the Court will give Plaintiff, proceeding *pro se*, the benefit of the doubt, and will grant Plaintiff *nunc pro tunc* an extension of time. By **January 31, 2020**, Plaintiff shall file an amended complaint naming the Doe defendants. Plaintiff is reminded that failure to update the Court with changes in address or failure to timely file the amended complaint by January 31, 2020 may result in the Court recommending dismissal of the suit based on failure to prosecute.

Accordingly, Defendants' motion to dismiss is DENIED as moot, without prejudice to renew at a later time. The Clerk of Court is directed to close ECF 17. The Clerk of Court is also respectfully requested to mail a copy of this Order and a copy of the November 4, 2019 Order (ECF 16) to the *pro se* Plaintiff at the Delaware address listed above.

**SO ORDERED.**

_____
Ona T. Wang          12/13/19
U.S. Magistrate Judge